39 F.3d 235
 19 Employee Benefits Cas. 1076, Pens. Plan Guide P 23904P
Dennis DELAYE, Individually & on Behalf of the Agripac,
Inc./Dennis Delaye "Employment Contract", Plaintiff-Appellee,
v.
AGRIPAC, INC., an Oregon corporation, Defendant-Appellant
(Two Cases).
Dennis DELAYE, Individually & on Behalf of the Agripac,
Inc./Dennis Delaye "Employment Contract",
Plaintiff-Appellant,
v.
AGRIPAC, INC., an Oregon corporation, Defendant-Appellee.
 Nos. 93-35257, 93-35398 and 93-35578.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Decided Nov. 3, 1994.
 
 Charles F. Adams and Jill D. Bowman, Stoel, Rives, Boley, Jones & Grey, Portland, OR, for defendant-appellant-cross-appellee.
 Richard C. Busse and Scott N. Hunt, Law Offices of Richard C. Busse, Portland, OR, for plaintiff-appellee-cross-appellant.
 Appeals from the United States District Court for the District of Oregon.
 Before ALDISERT,* NORRIS and THOMPSON, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 Agripac, Inc. appeals the district court's judgment in favor of Dennis Delaye in his action brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1461 (1985 & Supp.1993). Delaye alleges Agripac violated ERISA by denying him severance benefits when he was fired. Delaye cross-appeals from the district court's denial of his request for attorney fees.
 
 
 2
 Delaye predicates federal court jurisdiction on his contention that the ERISA claim presents a federal question. 28 U.S.C. Sec. 1331; 29 U.S.C. Sec. 1132(e)(1). Because we conclude no ERISA plan existed, the district court lacked subject matter jurisdiction. Accordingly, we dismiss the appeal and cross-appeal, and remand to the district court with instructions to vacate its judgment and dismiss the action.
 
 FACTS
 
 3
 Delaye was Agripac's president and chief executive officer. In 1990, he and Agripac entered into a written "Employment Contract." Section 6 of the contract governs termination of employment. Paragraph 6.2.1 provides that if Agripac terminates Delaye for cause, he will receive only his base yearly compensation ($160,000), prorated to the date of termination. Paragraph 6.2.2 provides that if Agripac terminates Delaye without cause, Agripac will pay him a fixed monthly amount for twelve to twenty-four months according to a set formula. Additionally, if termination is without cause, Agripac will pay Delaye accrued vacation benefits and provide him with the same accident, health, life and disability insurance he had during the term of employment, until he finds other employment or Agripac ceases monthly payments to him according to the terms of the contract.
 
 
 4
 About a year after the contract was signed, Agripac fired Delaye. It treated his termination as a termination for cause and tendered him nothing more than his yearly compensation prorated to the date of termination. Delaye contended his termination was without cause, and sued Agripac in the district court, alleging a violation of ERISA and various pendent state law claims.
 
 
 5
 At trial, Delaye dismissed all of his claims except his claim under ERISA. The district court found Delaye's termination was without cause. It also found his employment contract was an ERISA plan, even though the contract applied only to Delaye and did not cover any other Agripac employee or class of employees. The court awarded Delaye severance benefits, but denied his request for attorney fees. This appeal, and Delaye's cross-appeal, followed.[1]
 
 
 6
 Although Agripac contended in the district court that the employment contract was not an ERISA plan, its argument focused on whether an employment contract could be an ERISA plan when it covered only one person. The district court concluded that a one-person employment contract could constitute an ERISA plan. On that basis, it found the contract was an ERISA plan, without making findings as to whether the contract otherwise qualified as an ERISA plan--that is, whether it involved an ongoing administrative scheme.
 
 
 7
 In this appeal, Agripac argues Delaye's contract does not involve an ongoing administrative scheme, and therefore is not a "plan" under ERISA.[2] Delaye contends Agripac waived this argument because it did not present it to the district court. We disagree. Agripac raised the issue whether Delaye's employment contract was an ERISA plan. The argument in the district court focused on whether a one-person contract could be a "plan" under ERISA, but this focus did not waive the issue Agripac raised. Moreover, the facts necessary to resolve the issue are not in dispute. The record is sufficiently developed and the question may be decided as a matter of law. Therefore, we consider the issue. See Lawyers Title Ins. v. Honolulu Federal S & L, 900 F.2d 159, 164 (9th Cir.1990).
 
 
 8
 ERISA, enacted by Congress in 1974, is designed to protect employees from losing their pensions and benefits due to employer mismanagement. Massachusetts v. Morash, 490 U.S. 107, 112, 109 S.Ct. 1668, 1671, 104 L.Ed.2d 98 (1989). Provisions for severance pay may constitute an employee welfare benefit plan within the meaning of ERISA. See Scott v. Gulf Oil Corp., 754 F.2d 1499, 1503 (9th Cir.1985). The question before us is whether the severance provisions that were part of Delaye's employment contract are an employment benefit plan under ERISA.
 
 
 9
 We are guided by the Supreme Court in Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987), which held that the severance package in that case was not an employee benefit plan within the meaning of ERISA and thus state law was not preempted. In stressing the difference between employee benefits and employee benefit plans, the Court recognized that the purpose of ERISA preemption of state law is to create a single set of regulations to govern benefit plans' complex and ongoing administrative activities. Id. at 8-15, 107 S.Ct. at 2215-19.
 
 
 10
 From the fountain of Fort Halifax, and the stream of circuit court cases that have flowed from it, a relatively simple test has emerged to determine whether a plan is covered by ERISA: does the benefit package implicate an ongoing administrative scheme? See Fort Halifax, 482 U.S. at 12, 107 S.Ct. at 2218 ("The theoretical possibility of a one-time obligation in the future simply creates no need for an ongoing administrative program for processing claims and paying benefits."); Kulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 257 (8th Cir.1994) (holding the touchstone of determining existence of ERISA plan is "whether an administrative scheme is required"); James v. Fleet/Norstar Fin. Group, Inc., 992 F.2d 463, 466 (2d Cir.1993) (same); Fontenot v. NL Industries, Inc., 953 F.2d 960, 962 (5th Cir.1992) (same); Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1532 (3rd Cir.1992) (same). Our own circuit has employed this test. Bogue v. Ampex Corp, 976 F.2d 1319, 1323 (9th Cir.1992) cert. denied, --- U.S. ----, 113 S.Ct. 1847, 123 L.Ed.2d 471 (1993).
 
 
 11
 Delaye's contract does not implicate an ongoing administrative scheme. Once Agripac decided to terminate Delaye, the severance calculation became one akin to that in Fort Halifax--a straightforward computation of a one-time obligation. The obligation was either to pay Delaye his regular salary prorated to the date of his termination, if he was terminated for cause; or pay him a fixed monthly amount for twelve to twenty-four months according to a set formula, plus accrued vacation pay and insurance benefits, if he was terminated without cause. While payment could continue for as long as two years, there is nothing discretionary about the timing, amount or form of the payment. Sending Delaye, a single employee, a check every month plus continuing to pay his insurance premiums for the time specified in the employment contract does not rise to the level of an ongoing administrative scheme.
 
 
 12
 Relying on Bogue, Delaye argues the severance benefits provided in his contract meet the ongoing administrative scheme test. It is true the severance package in Bogue is somewhat similar to the package in this case. See Bogue, 976 F.2d at 1323. Bogue is distinguishable, however, in two ways. First, the Bogue severance plan was triggered if the covered employee was not offered "substantially similar" employment. The Bogue court described this condition as requiring decisionmaking obligating the administrator to engage in "ongoing, particularized, administrative, discretionary analysis." Id. Here, Delaye's rights to severance benefits are set by criteria in his contract. See James, 992 F.2d at 468 (simple arithmetical calculations and clerical determination do not require ongoing, particularized, administrative, discretionary analysis).
 
 
 13
 Second, Bogue's severance package covered ten top executives. Bogue, 976 F.2d at 1321. Crucial to the analysis in Bogue was the fact that the employer would need to make its discretionary determinations ten times, as it considered the severance benefits in each of the ten top executives' contracts. No such ongoing discretionary analysis is required in the present case.
 
 
 14
 Delaye urges us to view Bogue in light of the holding in Williams v. Wright, 927 F.2d 1540 (11th Cir.1991). In Williams, the Eleventh Circuit held "that a plan covering a single employee, where all other requirements are met, is covered by ERISA." Id. at 1545.
 
 
 15
 Williams is unhelpful to Delaye. Under Williams, a plan covering a single employee may be an ERISA plan "where all other requirements are met." Id. Here, even if an employment contract covering a single employee can be an ERISA plan, a question we do not decide, all other requirements are not met; the alleged "plan" does not implicate an ongoing administrative scheme.
 
 
 16
 Because Delaye's employment contract is not a "plan" governed by ERISA, his claim that his contract was breached does not present a federal question. The district court lacked jurisdiction to resolve this dispute. Accordingly, we dismiss the appeal and cross-appeal, and remand to the district court with instructions to vacate the judgment and dismiss the action, without prejudice to Delaye bringing suit in Oregon state court where a well-developed body of contract law, although perhaps not the ability to recover attorney fees, awaits him.
 
 
 17
 Appeal DISMISSED; cause REMANDED.
 
 
 
 *
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 [1]
 Because we conclude Delaye's claim is not governed by ERISA, we do not reach his contention that the district court, having granted him judgment under ERISA, erred in denying his request for attorney fees
 
 
 [2]
 Agripac also contends that a one-person employment contract cannot be an ERISA plan. We do not decide this question