**Colleen FAFARA, Plaintiff,**

v.

**AMERICAN STATES LIFE INSURANCE COMPANY, an Indiana corporation; and Fullhart Insurance Agency, Inc., an Oregon corporation, Defendants.**

**Civil No. 97–1016–FR.**

United States District Court,
D. Oregon.

Oct. 7, 1997.

Charles P.A. Paulson, Paulson & Baisch Trial Lawyers, P.C., Portland, OR, for Plaintiff.

Lori R. Metz, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for Defendant American States Life Insurance Company.

Vicki Hopman Yates, Callahan & Shears, P.C., Portland, OR, for Defendant Fullhart Insurance Agency, Inc.

## OPINION

FRYE, District Judge:

This is an action for breach of an insurance contract and negligence which was removed from the Circuit Court of the State of Oregon for the County of Multnomah. Before the court is the motion of the defendant American States Life Insurance Company under Fed.R.Civ.P. 12(b)(6) to dismiss (# 5–1) and to strike the jury demand (# 5–2); and the motion of the plaintiff to remand (# 8).

## BACKGROUND

The plaintiff, Colleen Fafara, alleges that she and Rodney Fafara, her husband, co-signed a business loan application obtained from CCD Business Development Corporation (CCD). As a condition of receiving the loan, CCD required the Fafaras to obtain a policy of insurance on the life of Rodney Fafara. On September 25, 1995, American States Life Insurance Company (American) issued a policy of insurance on the life of

Rodney Fafara in the amount of $140,000. While Colleen Fafara was the named beneficiary of this policy, she assigned her interest in the policy to CCD on October 4, 1995. A similar policy was later issued on the life of Colleen Fafara.

American was to bill Rodney Fafara at his business address when each premium payment became due and was to notify Rodney Fafara and CCD within the 31–day grace period if a premium payment was not made. Instead, American sent a notice of failure to pay premium to Rodney Fafara at an incorrect address and failed to notify either Rodney Fafara or CCD during the grace period that the premium was overdue. Rodney Fafara died on January 15, 1997. Because the premium payment had not been made, American refused to pay on the policy, leaving Colleen Fafara responsible for the $140,000 loan from CCD. Colleen Fafara has sued American and its agent, the defendant Fullhart Insurance Agency, Inc. (Fullhart), for breach of insurance contract and negligence.

Although American filed its motion as one to dismiss for failure to state a claim, the parties presented materials outside of the pleadings. At the oral argument, the court informed the parties of its intent to treat the motion as one for summary judgment and allowed the parties to file additional materials. The following facts were submitted to the court along with the parties' memoranda:

Rodney and Colleen Fafara were the owners of an FM radio station, KRBZ, in Reedsport, Oregon. On April 1, 1996, they purchased through Fullhart a group health insurance policy covering both Rodney and Colleen Fafara and the other employees of KRBZ.

As the owners of KRBZ, Rodney and Colleen Fafara have never provided life insurance policies to any of the employees of KRBZ, and the insurance policy on the life of Rodney Fafara was purchased to comply with the requirements of CCD for the business loan. At the time that American issued the insurance policy on the life of Rodney Fafara, KRBZ did not provide any type of insurance to its employees. The decision of the Fafaras to offer group health insurance to the employees of KRBZ more than six

months later was made without consideration of American's insurance policy on the life of Rodney Fafara.

## LEGAL STANDARDS

If matters outside the pleading are considered by the court in a motion to dismiss for failure to state a claim, the court must treat the motion as one for summary judgment. The parties must be given a reasonable opportunity to present all pertinent material. Fed.R.Civ.P. 12(b).

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir.1987).

## CONTENTIONS OF THE PARTIES

American contends that the insurance policy on the life of Rodney Fafara, along with the group health insurance policy, forms an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). Consequently, American contends that ERISA preempts Colleen Fafara's claims and provides the only remedy available. American also contends that there is no right to a jury trial in suits for the recovery of benefits under an ERISA employee benefits plan.

Colleen Fafara contends that the life insurance policy on Rodney Fafara was not part of an employee welfare benefit plan because its purpose was to secure repayment of a business loan. She also contends that the life

insurance policy must be considered separately from the group health insurance policy that was put in place after the fact. Colleen Fafara seeks to remand this action back to the state court.

## APPLICABLE LAW

■ As a rule, federal preemption is "a federal defense to the plaintiffs suit" and "does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987), *quoted in Tingey v. Pixley–Richards West, Inc.,* 953 F.2d 1124, 1129 (9th Cir.1992). Sometimes, however, federal interests and concerns are so imperative that they create an exception to this rule. *Tingey,* 953 F.2d at 1130. Federal interests and concerns are imperative as to issues governing employee retirement and benefit plans and therefore constitute such an exception.

■ In *Metropolitan Life,* the Supreme Court held that the civil enforcement provision governing benefit claims under ERISA, 29 U.S.C. § 1132(a)(1)(B), was intended to replace similar state common law causes of action to such an extent that the state claims are removable under 28 U.S.C. § 1441(b) as ERISA-based causes of action. *Metropolitan Life,* 481 U.S. at 64–67, 107 S.Ct. at 1546–48; *Tingey,* 953 F.2d at 1130. Because ERISA is an area of complete preemption, if the true gravamen of plaintiff's action is the deprivation of ERISA plan benefits, the plaintiff cannot avoid preemption by pleading a purported state claim. *Karambelas v. Hughes Aircraft Co.,* 992 F.2d 971, 973 (9th Cir.1993).

■ ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). An employee welfare benefit plan is any plan, fund or program "established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). The test for determining whether a plan is covered by ERISA is whether the benefit

package implicates an ongoing administrative scheme. *Delaye v. Agripac, Inc.,* 39 F.3d 235, 237 (9th Cir.1994), *cert. denied,* 514 U.S. 1037, 115 S.Ct. 1402, 131 L.Ed.2d 289 (1995).

■ ERISA's preemption clause is "conspicuous for its breadth." *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990). Its "deliberately expansive" language was "designed to establish pension plan regulation as exclusively a federal concern." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 138, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990) (internal quotation omitted). The preemption extends to state common law causes of action as well as regulatory laws. *Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1502 (9th Cir.1985).

■ The phrase "relate to" is given its broad common-sense meaning, such that a state law relates to a benefit plan "in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987) (internal quotation omitted). Thus, any state claims that "relate" to ERISA are preempted as long as the relationship is not "too tenuous, remote or peripheral." *Nevill v. Shell Oil Co.,* 835 F.2d 209, 212 (9th Cir.1987) (quoting *Shaw v. Delta Air Lines,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983)).

■ Under this standard, state common law claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, fraud, and intentional infliction of emotional distress are preempted insofar as they involve the administration of an employee welfare benefit plan. *Scott,* 754 F.2d at 1504.

## ANALYSIS AND RULING

■ The issue before the court is not whether the claims alleged under the common law of the State of Oregon relate to an employee welfare benefit plan, but whether an employee welfare benefit plan even exists. The group health insurance, purchased six months after the insurance policy on Rodney Fafara's life may be a part of an employee welfare benefit plan, assuming that the em-

ployer has some ongoing administrative role. The insurance policy on the life of Rodney Fafara, however, was purchased to secure a business loan. There is no evidence to the contrary. The beneficiary of that life insurance policy is CCD. The life insurance policy was intended more to benefit CCD than the family of Rodney Fafara. The fact that Rodney Fafara's wife, who would ordinarily be the beneficiary of her husband's life insurance policy, is now obligated to repay the business loan does not change the analysis. The policy was intended to pay off the creditor, CCD. It makes no difference whether the debtors are partners who are personally liable, or a corporation.

The parties do not cite any authority in which a life insurance policy was intended to secure a loan rather than to provide for the family of the deceased. *Peterson v. American Life & Health Ins. Co.*, 48 F.3d 404 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995), is similar in that the insurance policy at issue only covered a partner of the business, as does the policy at issue here, and a second policy covered non-partner employees. *Peterson* differs, however, because the health insurance policy provided benefits to the owner. In *Curtiss v. Union Central Life Ins. Co.*, 823 F.Supp. 851 (D.Colo.1993), the life insurance policy had two equal and primary beneficiaries, the employer and the wife of the decedent. Thus, the policy was to provide for the decedent's family, at least in part. The court in *Curtiss* held that there was no ERISA plan in existence because there were only a few separate policies for high-level managers, and no group policy, and because the employer did not have an ongoing administrative role. *Id.* at 854–56.

The court concludes that the policy at issue here is not part of an employee welfare benefit plan governed by ERISA. Thus, Colleen Fafara's claims are not preempted by ERISA. As such, there is no federal subject matter jurisdiction. This action must be remanded to the Circuit Court of the State of Oregon for the County of Multnomah.

██ Colleen Fafara has requested an award of attorney fees and costs incurred in her motion to remand. Because this court has determined that removal of this case was improper, it may appropriately award attorney fees to the plaintiff in order to reimburse her for the costs associated with the motion to remand. 28 U.S.C. § 1447(c); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446–47 (9th Cir.1992). A finding of bad faith by the removing party is not necessary. *Id.* The court is given wide discretion in deciding whether to award fees. *Id.* at 447. Here, there appears to be no case law directly on point upon which American could have relied in deciding whether to seek removal. The court declines to award attorney fees or costs.

### CONCLUSION

The motion of American under Fed. R.Civ.P. 12 to dismiss (# 5–1) is denied and to strike the jury demand (# 5–2) is moot. The motion of the plaintiff to remand (# 8) is granted. This action is remanded to the Circuit Court of the State of Oregon for the County of Multnomah.