Lloyd EMTER, Plaintiff–Appellant,

v.

SPOKANE CULVERT COMPANY, f/k/a Northwest Culvert Company, f/k/a MWB Inc., et al., Defendants–Appellees.

No. 01–35313.

D.C. No. CV–00–00374–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2002.

Decided Aug. 16, 2002.

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM*

Appellant Lloyd Emter ("Emter") appeals the district court's order dismissing his claims against Spokane Culvert Co. ("Spokane") and two of its officers for lack of subject matter jurisdiction. Jurisdiction over Emter's suit was premised on federal question jurisdiction, 28 U.S.C. § 1331, arising from Emter's claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. We affirm.

The parties are familiar with the facts of the case. Emter's claim was based on the "Employment Agreement" he entered into in 1979, when he began working for Spokane. Article 12B of that agreement provided a severance benefit, entitling Emter to 4.3% (later changed to 4.4%) of the prior year's book value of Spokane if his employment terminated for any reason. Emter alleges that the severance benefit was an "employee welfare benefit plan," giving rise to an ERISA claim and federal ques-

tion jurisdiction. See 29 U.S.C. §§ 1002–1003.

"[A] relatively simple test has emerged to determine whether a plan is covered by ERISA: does the benefit package implicate an ongoing administrative scheme?" Delaye v. Agripac, Inc., 39 F.3d 235, 237 (9th Cir.1994). No such administrative scheme is implicated here. Emter was eligible for the lump-sum severance benefit regardless of how his employment was terminated. The amount of the benefit was calculated through a simple mathematical calculation based on the prior year's book value. It is true that the management of a company may make discretionary decisions affecting book value, e.g., by accelerating depreciation. It is also true that accounting—an art or alchemy, not a science—may affect the apparently simple calculation of book value. But nothing in these facts gives rise to the type of discretion that implicates an administrative scheme. See Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 12, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987).

In the alternative, Emter argues that promises made to him at the time of his employment establish an ERISA employee welfare benefit plan through equitable estoppel. In order to establish equitable estoppel in the ERISA context, a party must show, among other things, that the representation relied upon was an oral interpretation of the plan. See Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir.1996). Emter's severance benefit was not an "employee welfare benefit plan" covered by ERISA and the representations do not establish such a plan. Without the ERISA claim, the district court lacked jurisdiction. Although the federal forum is not available, Emter is free to pursue his claims in a state court.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

For the above reasons, the judgment of the district court is

AFFIRMED.