Dan PRAEGER; et al., Plaintiffs,

and

**Rex Bradley Wentzel, Plaintiff— Appellant,**

v.

**COMPUTER ASSOCIATES INTER- NATIONAL, INC.; et al., De- fendants—Appellees.**

**Dan Praeger; et al., Plaintiffs,**

and

**Ralph Johnson, Plaintiff—Appellant,**

v.

**Computer Associates International, Inc.; et al., Defendants— Appellees.**

Nos. 02–56912, 02–56913.

D.C. No. CV–02–06731–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2004.

Decided Feb. 13, 2004.

Before CANBY, NOONAN, and T.G. THOMAS, Circuit Judges.

### MEMORANDUM *

Rex Wentzel ("Wentzel") and Ralph Johnson ("Johnson") (together "appellants") initiated suit against their former employer, Computer Associates Interna-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tional ("Computer Associates" or "appellee"), disputing their severance award pursuant to an amended severance policy. Appellants appeal a judgment in federal district court dismissing their action. Specifically, appellants argue that removal from California state court to federal court under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1144, was inappropriate. Appellants also contend that the district court erroneously dismissed this case on the basis of res judicata.

Removal to the federal district court was based upon the doctrine of "complete preemption," whereby ERISA not only preempts but also displaces state law claims. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). This court has articulated a two-part test to assess complete preemption: (1) the state law claim must "relate to" an ERISA plan within the meaning of 29 U.S.C. § 1144(a); and (2) the state law claim must fall within the scope of ERISA's civil enforcement provisions, under 29 U.S.C. § 1132(a). *Toumajian v. Frailey,* 135 F.3d 648, 654 (9th Cir.1998). If both conditions are not met, the federal court must remand the case to state court for proper resolution of the preemption issue. *See id.*

As to the first prong of complete preemption inquiry, we have articulated that an "ERISA plan" requires an administrative scheme analyzing "the circumstances of each employee's termination ... in light of certain criteria." *Bogue v. Ampex Corp.,* 976 F.2d 1319, 1323 (9th Cir.1992), *cert. denied,* 507 U.S. 1031, 113 S.Ct. 1847, 123 L.Ed.2d 471 (1993). However, "[t]he theoretical possibility of a one-time obligation in the future simply creates no need for an ongoing administrative program for processing claims and paying benefits." *Fort Halifax Packing Co. v. Coyne,* 482

U.S. 1, 12, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987).

Though the original severance policy seems to have involved little more than "a straightforward computation of a one-time obligation," *Delaye v. Agripac, Inc.,* 39 F.3d 235, 237 (9th Cir.1994), *cert. denied,* 514 U.S. 1037, 115 S.Ct. 1402, 131 L.Ed.2d 289 (1995), the modified policy is clearly governed by ERISA. The modified policy vested discretion in a plan administrator to decide issues of eligibility for severance pay and/or receipt of benefits, and contemplated that the plan administrator would establish a "reasonable claims procedure, including a procedure for appeal of denied claims." These provisions are both hallmarks of "an ongoing administrative scheme." *Id.* at 237.

As to the second prong of complete preemption inquiry, ERISA's enforcement provision, 29 U.S.C. § 1132, authorizes a participant or beneficiary to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

In this case, the claims pressed in the appellants' complaint fall squarely within the scope of the ERISA enforcement provision. In essence, appellants seek to prevent application of a superseding ERISA plan—the amended policy.

Thus, the district court properly found that complete preemption under ERISA warranted removal to federal court.

The doctrine of res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in a prior action. *See Owens v. Kaiser Found. Health Plan,* 244 F.3d 708, 714 (9th Cir. 2001). The doctrine is applicable whenever there is (1) an identity of claims, (2) a

final judgment on the merits, and (3) identity or privity between the parties. *See id.* The central criterion to assess identity of claims is whether the two suits "arise out of the same transactional nucleus of facts." *Id.* (citing *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir.2000), *cert. denied*, 532 U.S. 914, 121 S.Ct. 1247, 149 L.Ed.2d 154 (2001)).

To begin, though appellants contend they have pled different causes of action in the current suit, "res judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action." *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1430 (9th Cir.1993) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)). All of the claims asserted could have been pressed in the prior action. Moreover, both suits arise out of the same transactional nucleus of facts. The suits allege that Wentzel and Johnson were promised severance benefits in the event of their termination, benefits that were not delivered after appellants' involuntary termination.

As to the second prong, the prior action concluded in a final judgment on the merits. The district court granted the corporate defendants' motion for summary judgment in the prior suit, and judgment was entered on May 22, 2002.

The third prong is also easily addressed; it is uncontested that the corporate defendants in this suit are identical to those of the prior suit.

Thus, the district court correctly applied res judicata to the claims brought against corporate defendants.

The district court also properly applied res judicata as to the individual defendants, none of whom were named in the prior suit but who all were key executive officers during the relevant time to this dispute. "[W]hen two parties are so closely aligned in interest that one is the virtual representative of the other, a claim against one will serve to bar the same claim by or against the other." *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1506 (9th Cir.1996). Plaintiffs cannot circumvent the doctrine of res judicata by simply failing to name all possible defendants in a prior action. *See Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir.1983), *cert. denied*, 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984).

We **AFFIRM** the judgement of the district court.