**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRAD EDWARDS, | No. 13-35591 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05057-TOR |
| v. | |
| LOCKHEED MARTIN CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted May 8, 2015
Seattle, Washington

Before: WALLACE, KLEINFELD, and GOULD, Circuit Judges.

Brad Edwards appeals from the district court's (1) dismissal of his

Washington breach of contract claim as conflict-preempted under the Employee

Retirement Income Security Act (ERISA), 29 U.S.C. § 1144(a), and (2) denial of

Edwards' motion to amend his complaint to add a claim under the Maryland Wage

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Payment and Collection Act (WPCA).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Edwards argues that Lockheed Martin Corporation's Voluntary Executive Separation Program (VESP) is not an employee benefit plan under ERISA, because ERISA is "not designed" to cover corporate programs that require a release of claims in exchange for payment, and because VESP eligibility determinations involve no discretion, i.e.—"Lockheed's plan simply offer[s] a lump sum incentive in exchange for a release of claims."  We reject these contentions.

We disagree that the release takes this out of ERISA, because ERISA plans may require an employee to execute a release of claims to qualify for and ultimately receive plan benefits.[1]  *Lockheed Corp. v. Spink*, 517 U.S. 882, 894 (1996); *Sluimer v. Verity, Inc.*, 606 F.3d 584, 594 (9th Cir. 2010).  The release of claims mentions the VESP no fewer than two dozen times, and we reject Edwards' argument that the release does not relate to the VESP.

We also disagree that the administration of the VESP did not involve exercise of discretion.  Under the plan Lockheed exercises significant discretion to determine an employee's eligibility for the program.  The United States Supreme

---

[1] We do not decide whether Edwards has any other claims that he could assert, nor need we consider whether the release is inoperative or voidable because Edwards did not receive a severance benefit under the VESP.

2

Court has established that whether a severance benefit program qualifies as an employee benefit plan turns on whether the provision of the severance benefit "requires an ongoing administrative program to meet the employer's obligation." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11 (1987). We have interpreted that requirement to include "ongoing, particularized, administrative, discretionary analysis" for a severance benefit program to qualify as an employee benefit program under ERISA. *Delaye v. Agripac, Inc.*, 39 F.3d 235, 238 (9th Cir. 1994).

Here, we are persuaded that the VESP involves an "ongoing administrative program" within the meaning of *Fort Halifax*, and an "ongoing, particularized, administrative, discretionary analysis" within the meaning of *Delaye* because ample discretionary decisions are made on eligibility, disqualification, adjustments in awards, interpretation of VESP terms, and a claims procedure that exceeds what we have held sufficient for a termination benefit or severance program to qualify as an ERISA plan. *See Bogue v. Ampex Corp.*, 976 F.2d 1319 (9th Cir. 1992). Further, the VESP requires additional work for plan administrators if former employees who gain a separation benefit under the VESP return to Lockheed within a year. VESP § 7(b). We hold that the VESP is an employee benefit plan under ERISA.

State law claims that "relate to" the VESP are conflict-preempted by ERISA. 29 U.S.C. § 1144(a). A state law claim relates to an ERISA plan "if it has a 'connection with' or a 'reference to'" it, such that "the existence of an ERISA plan is a critical factor in establishing liability under a state cause of action." *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (internal quotation marks omitted). A state claim "has a connection with" an ERISA plan if it binds, regulates, or dictates the administration of the plan. *Golden Gate Rest. Ass'n v. City of San Francisco*, 546 F.3d 639, 655–56. A state claim "references" an ERISA plan if it "acts immediately and exclusively upon ERISA plans" or "the existence of ERISA plans is essential to the [claim's] operation." *Id.* at 657. Edwards' Washington breach of contract claim meets this standard.

The release, which forms the basis for the asserted breach of contract claim, is an express requirement for receiving benefits under the VESP. Without participation in the VESP, Edwards would have had no release to sign in the first place, and therefore no contract claim to assert. The existence of the VESP is a "critical factor" that triggers ERISA conflict-preemption here. *Wise*, 600 F.3d at 1190. Further, Edwards' breach of contract claim both "has a connection with" and "references" the VESP, because it would "act . . . upon" the VESP and dictate its administration by requiring payment on the claim from benefits created under

4

the VESP's terms. *See Golden Gate*, 546 F.3d at 655–57. We hold that Edwards' Washington breach of contract claim is conflict-preempted by ERISA.

Finally, Edwards argues that the district court abused its discretion by denying as futile Edwards' motion for leave to amend his complaint to add a claim under the Maryland WPCA. We disagree. We need not decide whether Edwards has standing to bring the Maryland wage claim he sought to add to his complaint, or whether any severance benefits Edwards might have received under the VESP were "wages" or "incentives" under the Maryland wage law. Even if Edwards could bring a claim against Lockheed under the Maryland WPCA, such a state law claim would be conflict-preempted by ERISA for the same reasons Edwards' Washington breach of contract claim is conflict-preempted. Amending one's complaint to add a claim that would be conflict-preempted anyway is "futile," and the district court did not abuse its discretion by denying Edwards' motion to add such a claim. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

**AFFIRMED.**