NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JILL M. STEIGLEMAN,<br><br>  Plaintiff - Appellant,<br><br>v.<br><br>SYMETRA LIFE INSURANCE<br>COMPANY, an Iowa corporation,<br><br>  Defendant - Appellee. | No. 23-4082<br><br>D.C. No.<br>3:19-cv-08060-ROS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted February 4, 2025
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

This is the second appeal involving the applicability of ERISA-preemption to the state law claims raised in Appellant Jill Steigleman's ("Steigleman") lawsuit against her long-term disability insurance provider, Symetra Life Insurance Company ("Symetra"). In the prior appeal, we reversed and remanded the district

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's grant of summary judgment to Symetra, concluding factual issues precluded finding as a matter of law that Symetra could assert the ERISA preemption defense. *Steigleman v. Symetra Life Ins. Co.*, No. 21-15613, 2022 WL 912255 (9th Cir. Mar. 29, 2022). On remand, the district court accepted additional evidence, denied summary judgment, and held a bench trial. It ultimately ruled again in Symetra's favor, concluding that Steigleman's Farm Bureau Agency (the "Agency") had created an employee benefits welfare program governed by ERISA.

As a preliminary matter, Steigleman argues the district court violated the rule of mandate and law of the case doctrine. However, although this court's prior decision reversed the grant of summary judgment to Symetra, it only specifically held that payment of insurance premiums, by itself, was insufficient to establish the existence of an ERISA-governed plan as a matter of law. *Id.* at *1. The decision did not explicitly or by necessary implication determine that there was no employee welfare benefit plan, and thus the district court was free on remand to accept additional evidence and "free to decide anything not foreclosed by the mandate." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012); *see also United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (law of the case applies if the issue was decided explicitly or by necessary implication in the previous disposition).

23-4082

Steigleman further argues error in the denial of her motion for summary judgment. However, we will generally not review the denial of summary judgment when there has been a full trial on the merits. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014). Although there is an exception if the court made an error of law that, if not made, would have required the district court to grant the motion, *id.*, Steigleman argues the court's error was misconstruing the mandate and law of the case doctrine; and, as discussed above, this was not an error. We therefore proceed to review the merits of the district court's conclusion following the bench trial that the Agency created an ERISA employee benefit plan.

The existence of an ERISA-governed "plan is a question of fact, to be answered in light of all the surrounding circumstances from the point of view of a reasonable person." *Zavora v. Paul Revere Life Ins. Co.*, 145 F.3d 1118, 1120 (9th Cir. 1998). ERISA defines an "employee welfare benefit plan" to include "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise [] medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . ." 29 U.S.C. § 1002(1).

Our test for determining whether benefits are provided pursuant to an "employee welfare benefit plan" asks whether the benefit package implicates "an

ongoing administrative scheme." *Delaye v. Agripac, Inc.*, 39 F.3d 235, 237 (9th Cir. 1994). This might involve a "responsibility to pay benefits on a regular basis" or "periodic demands on [an employer's] assets that create a need for financial coordination and control." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 12 (1987); *see Howard Jarvis Taxpayers Ass'n v. Cal. Secure Choice Ret. Sav. Program*, 997 F.3d 848, 860–61 (9th Cir. 2021). We have observed that "[a]n employer . . . can establish an ERISA plan rather easily. Even if an employer does no more than arrange for a group-type insurance program, it can establish an ERISA plan, unless it is a mere advertiser who makes no contributions on behalf of its employees." *Credit Managers Ass'n v. Kennesaw Life & Acc. Ins. Co.*, 809 F.2d 617, 625 (9th Cir. 1987) (internal citation and quotation omitted).

After hearing testimony and taking additional evidence during the bench trial, the district court found the existence of an "employee benefit welfare plan" based not only on the Agency's payment of insurance premiums for its employees, but also on additional factors such as Steigleman's selection of certain coverages for her employees, placement of limitations on which individuals could receive paid premiums (employees but not family members), performance of some administrative oversight because the premiums were deducted from her commission check, and deduction of the premiums on the Agency's income taxes as a contribution to an employee benefit plan. While some of these findings were based on inferences from

testimony and evidence, they were reasonable inferences, and Steigleman has not demonstrated that the findings were clearly erroneous. We agree with the court's conclusion that the Agency established an ERISA-governed employee benefits plan and that Steigleman's state law claims against Symetra were thus preempted.

**AFFIRMED.**